```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
UNITED AIR LINES, INC.,
                                            NOT FOR PUBLICATION

                Plaintiff,                  ORDER ADOPTING REPORT
                                            AND RECOMMENDATION
      -against-

UNITED AIRWAYS, LTD. and JUMBO TRAVEL,      09-CV-4743 (KAM)(JMA)
INC.,

                Defendants.
----------------------------------------X
```

**MATSUMOTO, United States District Judge:**

On November 2, 2009, plaintiff United Air Lines, Inc. ("plaintiff") commenced this action against defendants United Airways, Ltd. and Jumbo Travel, Inc. (collectively, "defendants"), alleging service mark infringement in violation of Section 32 of the Trademark Act of 1946 (the "Lanham Act"), 15 U.S.C. § 1114; unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), New York General Business Law § 349, and New York common law; and service mark dilution in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and New York General Business Law § 360. (*See generally* ECF No. 1, Complaint dated 11/2/09.) Thereafter, plaintiff properly served defendants with a copy of the Summons and Complaint. (*See* ECF Nos. 3-4, Executed Summons as to Defendants; ECF No. 18, Exh. 2, Declaration of Cynthia Leon in Support of Default Motion ("Leon Decl.") ¶¶ 10-16.) Defendants

failed to answer or otherwise respond to the Complaint, despite having received proper notice and an opportunity to respond.

Accordingly, at plaintiff's request, the Clerk of the Court entered default against Jumbo Travel, Inc. on March 9, 2010 and against United Airways, Ltd. on April 5, 2012. (ECF No. 7, Motion for Entry of Default against Jumbo Travel; ECF No. 9, Clerk's Entry of Default against Jumbo Travel; ECF No. 15, Motion for Entry of Default against United Airways, Ltd.; ECF No. 17, Clerk's Entry of Default against United Airways.)  On April 6, 2012, upon defendants' failure to appear or otherwise defend against the Complaint, plaintiff moved for entry of default judgment and a permanent injunction and served defendants with copies of the Clerk's Certificates of Default. (ECF No. 18, Motion for Default Judgment and Permanent Injunction dated 4/6/12 ("Def. Mot."); ECF No. 18, Exh. 3, Declaration of Bennette Deacy Kramer in Support of Default Motion ("Kramer Decl."); ECF No. 18, Exh. 4, Certificate of Service of Default Motion; ECF No. 18, Exh. 5, Plaintiff's Memorandum in Support of Default Motion; ECF No. 18, Exh. 6, Certificate of Service of Memorandum in Support.)

By Order dated November 30, 2012, the court referred this matter to Magistrate Judge Joan M. Azrack for a Report and Recommendation. (*See* Order Referring Motion dated 11/30/12.)  On March 4, 2013, Judge Azrack issued a Report and Recommendation recommending that the court grant plaintiff's motion for entry of

default judgment, deny plaintiff's request for monetary relief, and award plaintiff a permanent injunction which is limited in geographical scope to the United States and United States territories. (*See* ECF No. 19, Report and Recommendation dated 3/4/13 ("R&R") at 2, 21.)  Judge Azrack further directed plaintiff to serve a copy of the R&R on defendants and to file proof of service with the court. (*See id.* at 22.)  On March 8, 2013, plaintiff properly served the R&R on defendants. (ECF No. 21, Certificate of Service of R&R dated 3/11/13.)  Judge Azrack notified the parties of the right to file written objections within fourteen days of receipt of the R&R. (R&R at 22.)  To date, neither party has filed an objection to the R&R, and the time to do so has since passed.

## DISCUSSION

In reviewing a Report and Recommendation, a district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Where a party makes specific and timely objections to a magistrate judge's findings or recommendations, the district court must apply a *de novo* standard of review to the portions of the R&R to which the objection is made. *Mazzei v. Abbott Labs. & Co.*, No. 10-CV-1011, 2012 WL 1101776, at *1 (E.D.N.Y. Apr. 2, 2012) (citing Fed. R. Civ. P. 72(b)(3); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010)); *see*

3

*also* 28 U.S.C. § 636(b)(1).

Where no proper objection to a Report and Recommendation has been timely made, the district court "'need only satisfy itself that that there is no clear error on the face of the record.'" *Jarvis v. N. Am. Globex Fund, L.P.*, 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (quoting *Wilds v. United Parcel Servs.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)). Moreover, where "the objecting party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the report and recommendation strictly for clear error." *Zaretsky v. Maxi-Aids, Inc.*, No. 10-CV-3771, 2012 WL 2345181, at *1 (E.D.N.Y. June 18, 2012) (internal quotation marks omitted); *see also Soley v. Wasserman*, 823 F. Supp. 2d 221, 228 (S.D.N.Y. 2011).

Upon a careful review of the record and Judge Azrack's well-reasoned R&R, the court finds no clear error and hereby affirms and adopts the R&R in its entirety as the opinion of the court. Accordingly, the court grants plaintiff's motion for default judgment against defendants and denies plaintiff's request for monetary relief. Additionally, the court permanently enjoins defendants and their officers, agents, servants, employees, attorneys, and all those in active concert with them from, within the United States and its territories:

(1) Using the UNITED AIRWAYS mark or any other service

>     mark that is likely to cause confusion, mistake, or deception with respect to any of plaintiff's UNITED Marks or otherwise infringing any of plaintiff's UNITED Marks;
> 
> (2) Doing any other act or thing likely to induce the mistaken belief that defendants' services are in any way affiliated, connected, or associated with plaintiff or its services, or doing any other act or thing likely to cause confusion with respect to any of plaintiff's UNITED Marks;
> 
> (3) Diluting the distinctiveness of plaintiff's UNITED and UNITED AIRLINES marks; and
> 
> (4) Injuring plaintiff's business reputation and goodwill associated with the UNITED Marks and from otherwise unfairly competing with plaintiff in any manner whatsoever.

Plaintiff's counsel is directed to serve a copy of this Order upon defendants and promptly file proof of service via ECF. The Clerk of the Court is respectfully requested to enter judgment in accordance with this Order and close this case.

**SO ORDERED.**

Dated: March 28, 2013
       Brooklyn, New York

                                   _____  ___/s/_____
                                   Kiyo A. Matsumoto
                                   United States District Judge

5